UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANDRE R. SOMERSET,  Civil No. 09-788 (MJD/SRN)

    Petitioner,

v.  **REPORT & RECOMMENDATION**

DWIGHT L. FONDREN, Warden,
    FCI Sandstone

    Respondent.

---

Andre R. Somerset, *pro se*, Federal Correctional Institution - Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072.

Frank J. Magill, Jr. and Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents.

---

SUSAN RICHARD NELSON, United States Magistrate Judge.

This matter is before the undersigned United States Magistrate Judge on Petitioner Andre R. Somerset's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. The United States has filed a Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 2]. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied.

I.    **BACKGROUND**

Petitioner Andre R. Somerset ("Somerset") is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. (Buege Decl., ¶ 3, Attach. A to Govt.'s Resp. to Amended Pet.) He is serving a 48-month sentence, followed by three years of supervised release, imposed

1

in the United States District Court, District of Montana, for Mail Fraud, in violation of 18 U.S.C. § 1341. (Id.) His projected release date is April 18, 2010. (Id.)

On April 24, 2009, Somerset filed a habeas petition under 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") wrongfully denied him the opportunity for a sentence reduction for completion of the Residential Drug Abuse Program ("RDAP"), pursuant to 18 U.S.C. § 3621(e)(2)(B). (Pet. at 7.) Specifically, Somerset contends that when he entered RDAP, the BOP told him that "it looked as though [Somerset] would be eligible for the time off once completed." (Id.) Somerset now seeks a sentence reduction for completion of RDAP. (Id.)

The BOP agrees that Somerset was initially "deemed provisionally eligible" for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). (Buege Decl., ¶ 4.) But that determination was in error. (Id. at ¶ 6 n.3.) Specifically, on March 2, 2009 the BOP "re-reviewed" Somerset's eligibility for a sentence reduction, and found him ineligible for § 3621(e) release due to a prior adult robbery conviction,[1] which precluded Somerset from receiving early release consideration. (Id. at ¶ 5.)

## II. DISCUSSION

As a preliminary matter, an evidentiary hearing in a habeas corpus proceeding is appropriate only where the facts are in dispute. Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996). Because the relevant facts in this matter are not in dispute, an evidentiary hearing is unnecessary.

### A. Jurisdiction

Somerset has filed his habeas corpus petition pursuant to 28 U.S.C. § 2241. The Court agrees that the proper respondent in a habeas corpus petition brought under § 2241 is the

---

[1] Somerset was convicted of Conspiracy to Commit Robbery in 1982. (Buege Decl., ¶ 6.)

2

custodian of the inmate. 28 U.S.C. §§ 2242; 2243; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The default inmate custodian is the warden of the facility where the prisoner is being held. Padilla, 542 U.S. at 435.

### B. Exhaustion of Administrative Remedies

The United States contends that Somerset's Petition should be dismissed because Somerset did not exhaust his administrative remedies concerning his sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). (Govt.'s Resp. at 10.) This Court agrees.

It is well-established that inmates challenging the computation or execution of their sentences through a writ of habeas corpus must first exhaust their available administrative remedies. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006), cert. denied, 549 U.S. 1152 (2007); United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000); see also United States v. Wilson, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies). The exhaustion requirement for § 2241 habeas petitions is judicially created and is not jurisdictional. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007), cert. denied, __ U.S. __, 128 S.Ct. 927 (2008). Because the exhaustion requirement is not jurisdictional, courts may create exceptions to the exhaustion requirement. Frango v. Gonzales, 437 F.3d 726, 728-29 (8th Cir. 2006). Courts have excused a failure to exhaust when to do so would have been futile. Id.; Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004); U.S. v. Galceran, Civ. No. 07-4659, 2008 WL 4104696, *2 (D. Minn. Aug. 29, 2008) (citing Frango, 437 F.3d at 728-29); Robinson v. Holinka, Civ. No. 06-621, 2007 WL 1054283, *4 (D. Minn. April 29, 2007).

The BOP maintains a three-tier administrative remedy program to address inmate concerns regarding any aspect of confinement. See 28 C.F.R. § 542. This procedure is designed to allow inmates to voice their grievances and provide the BOP an opportunity to resolve issues in-house prior to inmates seeking judicial relief. (Buege Decl., ¶ 7.) The first tier of the process requires inmates to initially seek informal resolution of the grievance before presenting it to the warden of the facility where the inmates are confined. At the second tier, an inmate may appeal an unsatisfactory response to the BOP Regional Director, and at the third tier, an inmate may appeal an unsatisfactory response from the BOP Regional Director to the BOP Central Office. 28 C.F.R. § 542.15. Upon receipt of the BOP Central Office's response, an inmate has exhausted his or her administrative remedies.

Nothing before this Court shows whether Somerset sought any informal or formal resolution of his alleged grievance, as required for securing judicial review of a habeas petition. Nor has Somerset shown that his grievance would not have received fair and timely consideration by the BOP. Further, Somerset has not provided any grounds to be excused from the exhaustion of administrative remedies requirement. Finally, Somerset has not shown that the administrative process is futile.

In sum, Somerset has not exhausted his administrative remedies as required prior to filing his petition in federal court and has failed to provide a credible explanation for his failure to do so. While it is appropriate for the Court to dismiss the petition based on this reason alone, the Court will also proceed to the merits of the case.

**C.  Merits of Somerset's Claim**

Somerset alleges that the BOP wrongfully denied him a sentence reduction for completion of RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B). This Court disagrees.

### 1. Early Release Under 18 U.S.C. § 3621

Pursuant to 18 U.S.C. § 3621, the BOP provides qualified inmates with a program of substance abuse treatment. To encourage inmates to participate in such programs, Congress has authorized the BOP to reduce by up to one year the sentence of inmates who successfully complete the program and whose crime of convictions are for nonviolent offenses. 18 U.S.C. § 3621(e)(2)(B). In particular, Section 3621(e)(2)(B) provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be for more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

Thus, Congress has vested discretionary authority in the BOP to determine whether to grant early release to a prisoner who has successfully completed a BOP-sponsored substance abuse program. To implement § 3621, the BOP promulgated regulation 28 C.F.R. § 550.58 and Program Statement 5162.04, which set forth the eligibility for the early-release incentive. See Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999). Section 550.58 provides in relevant part:

> (a) Additional early release criteria.
>
> > (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> >
> > * * *
> >
> > (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child abuse offenses.

Additionally, Section 6.1.1 of Program Statement 5330.10 specifically removes eligibility for early release for "[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, *robbery*, aggravated assault, or child sexual abuse offenses." (Buege Decl., Attach. E); see also Zacher v. Tippy, 202 F.3d 1039, 1044 (8th Cir. 2000) (emphasis added).

Somerset was convicted of Conspiracy to Commit Robbery by the United States Army Judiciary in 1982. (Buege Decl., ¶ 6.) Under military law, whoever is involved in a conspiracy, an agreement with another person to commit a robbery or assists in the commission of a robbery, commits Conspiracy to Commit Robbery.[2] (Id.) Somerset, in possession of a pistol, and his accomplices, by means of force or violence, stole from the presence of another money and alcoholic beverages. (Id.) The BOP's determination that Somerset was ineligible for the early release incentive based on his prior adult robbery conviction is appropriate and in accordance with its Program Statement 5330.10 and Inmate Drug Abuse Programs Manual § 6.1.1 (a)(1)(iv) and 28 C.F.R. §550.58.[3]

Further, the Eighth Circuit concluded that under § 3621 the BOP may categorically exclude prisoners from early release based on their past offenses. Zacher, 202 F.3d at 1045; see also Lopez v. Davis, 531 U.S. 230, 242 (2001) (finding that the BOP need not blind itself to pre-conviction conduct when evaluating early release); Thompson v. Outlaw, 138 Fed. Appx. 893, 2005 WL 16531000 at *1 (8th Cir. July 15, 2005) (per curium) ("[W]e agree with the district court that the federal Bureau of Prisons (BOP) properly concluded that Thompson was ineligible for early release based on his robbery conviction.").

In addition, this Court disagrees with Somerset's implied argument that the BOP should not take into account Somerset's prior robbery conviction when determining his eligibility for

---

[2] The elements of the Conspiracy to Commit Robbery offense are comparable to the Uniform Crime Reporting Index ("UCR") definition of Robbery. Under the UCR, Robbery is defined as "the taking or attempting to take anything of value from the care, custody, or control of a person or persons by force or threat of force or violence and/or by putting the victim in fear."

[3] See Zacher, 202 F.3d at 1044 (upholding denial of early release to inmate who completed RDAP because of inmate's earlier conviction in California for aggravated assault, which was listed in § 550.58 and met the UCR definition of aggravated assault).

the early release incentive simply because: (1) the sentence for his robbery offense was imposed more than fifteen years prior to Somerset's commencement of the instant mail fraud offense, and (2) the sentencing court for the instant mail fraud offense did not use the robbery conviction to enhance Somerset's sentence.

Under the federal sentencing guidelines, a sentence imposed more than fifteen years prior to a defendant's commencement of the instant offense is not counted and, therefore, Somerset's robbery conviction entered in 1982 could not be used to enhance his sentence for the instant mail fraud offense committed in 2002. See U.S.S.G. § 4A1.2(e)(1). Therefore, the sentencing court for the instant offense acted in accordance with U.S.S.G. § 4A1.2(e)(1) when it did not use Somerset's 30-year old robbery conviction to enhance his sentence for the mail fraud offense.

But the BOP is not bound by U.S.S.G. § 4A1.2(e)(1) when determining an inmate's eligibility for the early release incentive, more specifically, when considering the age of prior adult convictions. Previous adult convictions include criminal convictions that occur at *any* time. (Buege Decl., ¶ 6.) Further, the BOP has "substantial discretion in its decision making," and "broad discretion to grant or deny the one-year reduction" in an inmate's sentence under § 3621. See Lee v. Eichenlaub, No. 2:06-15545, 2007 WL 1041257 at *2 (E.D. Mich. April 05, 2007). Thus, the BOP's decision to take the 30-year old robbery into account when determining Somerset's eligibility for the early release incentive was proper and in accordance with its Program Statements.

Furthermore, regardless of the fact that the BOP determined that Somerset's prior robbery conviction precluded him from being eligible for early release by participating in RDAP, the "language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release." Zacher, 202 F.3d at 1041 (citing Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999));

7

see also Lopez, 531 U.S. at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's condition of confinement and to reduce his term of imprisonment."); Grove v. Federal Bureau of Prisons, 245 F.3d 743, 746 (8th Cir. 2001) ("Section 3621(e)(2)(B) provides the BOP with discretionary authority."). Given that there is nothing in 18 U.S.C. § 3621(e)(2)(B) that mandates early release, the BOP did not violate its statutory authority when it denied Somerset a sentence reduction for completion of RDAP pursuant to 18 U.S.C. § 3621(e)(2)(B).

Finally, the BOP admits its error in initially misadvising Somerset that he was provisionally eligible for a sentence reduction pursuant to RDAP. But the BOP is not precluded from correcting such errors. See Zacher v. Tippy, 202 F.3d 1039 (8th Cir. 2000). In addition, an inmate gains no legally protected interest in an erroneous misapplication of the BOP's regulations, and thus, the correction of its error in telling an inmate that he was provisionally entitled to early release cannot violate the Due Process clause. Id. at 1045 (citing Royal v. Tombone, 141 F.3d 596, 602 (5th Cir. 1998)). Further, the BOP Program Statement 5331.02 states, in part, "[a]n inmate may require changes to, or *lose*, his or her early release eligibility *at any time* as a result of: information that renders the inmate ineligible, . . . or *identification of a previous error*." BOP Program Statement 5331.02 (emphasis added).

The BOP "re-reviewed" Somerset's eligibility for a sentence reduction and it identified a previous error: Somerset's prior adult robbery conviction, which precluded him from receiving early release consideration. Thus, the BOP's actions were proper when correcting its error concerning Somerset's eligibility for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). Somerset's Petition should be denied.

8

## 2. Liberty Interest In Early Release Under 18 U.S.C. § 3621

When considering whether a prisoner has a liberty interest in discretionary early release under 18 U.S.C. § 3621(e), courts have held that denial of early release following completion of RDAP does not deny an inmate a liberty interest protected under the Due Process clause. See Egan v. Hawk, 983 F. Supp. 858, 864 (D. Minn. 1997) (holding that inmates have no liberty interest in early release); see also Jacks v. Crabtree, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (rejecting claimed liberty interest in the one-year sentence reduction because the statute is not written in mandatory language and denial of reduction only requires inmate to serve sentence originally imposed); Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997). This Court agrees.

Somerset has not alleged any facts suggesting that his conditions of confinement are any different from those of other inmates. The denial of early release only has caused him to serve the sentence previously imposed. Further, 18 U.S.C. § 3621(e) states that the BOP *may* reduce the term of imprisonment. "The word 'may' means that the BOP has discretion to reduce the term of imprisonment . . . this discretion means there is no vested liberty interest, and likewise, no basis for a violation of due process." Stanko v. Cruz, Civ. No. 08-856, 2008 WL 4849025 *1 (D. Minn. November 06, 2008) (citing Richardson v. Joslin, 501 F.3d 415, 420 (5th Cir. 2007); Hunnicutt v. Hawk, 229 F.3d 997, 1001 (10th Cir. 2001); Trobaugh v. Hawk, 19 Fed. Appx. 461, 462 (8th Cir. 2001) (per curiam)). Thus, Somerset does not have a liberty interest in early release and has not been denied any protected liberty interest.

In sum, the BOP did not wrongfully deny Somerset the opportunity for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). His Petition should be denied on the merits.

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for Habeas Corpus Relief [Doc. No. 1] be **DENIED** and **THIS ACTION BE DISMISSED WITH PREJUDICE**.

Dated: August 17, 2009

s/Susan Richard Nelson<br>
SUSAN RICHARD NELSON<br>
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 1, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.